UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                    *SEALED MATTER*
                                                                          Misc. No.:  10-MC-50365
Jack. B. Wolfe (P39667).                                                  Honorable Victoria A. Roberts
_____/                                          Honorable John Corbett O'Meara
                                                                          Honorable Walter Shapero

## OPINION OF THE COURT PURSUANT TO STIPULATION OF PROFESSIONAL CONDUCT

In this matter the parties (Jack B. Wolfe and Prosecuting Counsel appointed by the Court) submitted a Stipulation of Professional Misconduct ("Stipulation"), which not only resolved any disputed facts but evidenced an agreement that professional misconduct occurred.  The Court scheduled oral argument limited to the remaining issue of the appropriate sanction.  The Court need not reiterate the full factual basis for the admitted misconduct; it is fully and adequately set forth in the filed Stipulation.

As to the appropriate sanction, the Prosecuting Counsel argue for suspension of Mr. Wolfe from practice in front of any federal court in this District for a period of six (6) months (180-days).  Though invited to file a brief on his own behalf on the issue, Mr. Wolfe did not do so.  However, he did appear and address the Court on the issue at the hearing held on June 4, 2012.  He did not in substance take serious issue with the appropriateness of a suspension for some period of time.   Rather, he essentially argued that (a) he be allowed to complete his existing cases and that the suspension take effect following completion of the last of such cases and (b) the suspension should be for a period less than 180 days.

1

An examination of the dockets of both the District Court and the Bankruptcy Court indicate that Mr. Wolfe may be involved as the attorney in possibly in excess of thirty or more open and pending cases in each Court, at varying stages of completion.  To agree with Mr. Wolfe's positions on the effective dates and deferrals of the sanction would be to inappropriately dilute the need and basis for the indicated suspension sanction and to do so as of some unknown presently indeterminable date or time that is, in large part within his personal control.  Conceptually that is neither prudent nor practical.  In our view, such would be also inconsistent with the ultimate needs of his clients and the proper functioning and purposes of the disciplinary process (and, whether he realizes it or not, with Mr. Wolfe's own best interests).

As to the length of a suspension, there is a material difference under Michigan disciplinary rules between a suspension for more than 179 days and one for some lesser period.  The difference is that in the former, reinstatement is by way of a petition, investigation and hearing under Michigan Court Rule 9.124.  In the latter case it is by affidavit of compliance with the suspension order.  This Court concludes, given the nature of the misconduct -- material misrepresentations to the Bankruptcy Court regarding fees and non-disclosure of conflicts of interest -- that the more than 179 day suspension is the most appropriate sanction.

That said, however, the terms and conditions under which the indicated suspension should be embodied in a comprehensive order appropriate to the stipulated circumstances, are important, extensive, and nuanced; they must take into account the various relevant interests and considerations.  This Court is not legally bound by the provisions of Michigan Court Rule 9.119, which details the conduct and responsibilities of attorneys whose right to practice law is suspended by the appropriate Michigan authorities.  Nor does this Court have its own analogous

rule. Development and preparation of the effectuating order thus requires a process which, initially at least, is better left to the parties. Accordingly, the ruling of the Court is:

    a.    Mr. Wolfe is to be suspended from practice for a period of 180 days;

    b.    Prosecuting Counsel must prepare and present an appropriate order which (1) reflects that conclusion; (2) details the effective date of the suspension and the specific terms and conditions of Mr. Wolfe's obligations and conduct following the effective date and during the period of his suspension; Presumably, but not necessarily, such might follow or have reference to Michigan Court Rule 9.119, or orders usually issued under it; and (3) details the procedure Mr. Wolfe should follow when he seeks reinstatement; and

    c.    Mr. Wolfe will have 45 days from when the three judges sign the Order, to wrap up his affairs and notify his clients of this suspension.

**IT IS ORDERED.**

DATED: 10/18/12

    /s/ Victoria A. Roberts
Honorable Victoria A. Roberts

    /s/ John Corbett O'Meara
Honorable John Corbett O'Meara

    /s/ Walter Shapero
Honorable Walter Shapero